IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01987-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DAVID LEE COLLINS,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.  Mr. Collins, acting *pro se*, attempted to initiate this action on July 17, 2014, by filing with the Court a letter titled "Payment" (ECF No. 1) that is unintelligible.  The Court has opened this case under 42 U.S.C. § 1983 because Mr. Collins is a state prisoner and does not appear to be asserting a challenge to the fact or duration of his conviction or sentence.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document is deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue any claims in this Court in this action.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is not submitted (<u>must use and complete all pages of the Court's current form revised 10/01/12 with Authorization and Certificate of Prison Official</u>)
(2)   __    is missing affidavit
(3)   X     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   __    is missing certificate showing current balance in prison account
(5)   __    is missing required financial information
(6)   __    is missing an original signature by the prisoner
(7)   __    is not on proper form
(8)   __    names in caption do not match names in caption of complaint, petition or habeas application
(9)   __    An original and a copy have not been received by the Court. Only an original has been received.
(10)  X     other:  <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:
(11)  X     is not submitted
(12)  __    is not on proper form
(13)  __    is missing an original signature by the prisoner
(14)  __    is missing page nos. __
(15)  __    uses et al. instead of listing all parties in caption
(16)  __    names in caption do not match names in text
(17)  __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18)  __    other:

Plaintiff is warned that the Prisoner Complaint he files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Collins is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff, David Lee Collins, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and in filing a Prisoner Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file a Prisoner Complaint **within thirty (30) days from the date of this order**, this action will be dismissed without further notice.

DATED July 18, 2014, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
`                                        United States Magistrate Judge