IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01987-BNB

DAVID LEE COLLINS,

    Plaintiff,

v.

[NO NAMED DEFENDANT].

    Defendant.

ORDER OVERRULING OBJECTION

    Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. He submitted *pro se* on July 25, 2014, an objection titled "Appeal of Order, Due to Fraud in the Incomprehensible Order Dated: 07/18/14" (ECF No. 4). He objects to the order of July 18, 2014 (ECF No. 3), directing him to cure certain designated deficiencies and file an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure within thirty days.

    Specifically, Mr. Collins, who attempted to initiate the instant action by filing a letter titled "Payment" that the Court found to be unintelligible, was directed within thirty days either to pay the $400.00 filing fee or to file on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, together with a certified copy of his trust fund account statement for the six-month

period immediately preceding this filing. He also was directed to file a Prisoner Complaint on the proper, Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Instead of curing the designated deficiencies and filing a Prisoner Complaint that complied with Fed. R. Civ. P. 8, Mr. Collins filed an objection to what he termed the "uninteligible [sic] action" of this Court to direct him to cure deficiencies and file a Prisoner Complaint. *See* ECF No. 4 at 1.

The Court must construe the objection liberally because Mr. Collins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objection will be overruled.

Rule 3 of the Federal Rules of Civil Procedure notes that "[a] civil action is commenced by filing a complaint with the court." Pursuant to 28 U.S.C. §§ 1914 and 1915, Mr. Collins either must pay the $400.00 filing fee or seek leave to proceed *in forma pauperis*. Mr. Collins may not proceed in this action with only a letter titled "Payment" that fails to explain in a clear and coherent manner what, if any, debt Mr. Collins seeks to pay. In order to initiate a lawsuit in this Court, he is required to file a "complaint with the court," Fed. R. Civ. P. 3, and either pay the full filing fee or seek for permission to proceed *in forma pauperis*. Mr. Collins has failed to comply with these requirements for initiating a lawsuit.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that

the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed the file and finds that the July 7 order entered by Magistrate Judge Craig B. Shaffer is not clearly erroneous or contrary to law.  Therefore, the objection will be overruled.

Accordingly, it is

ORDERED that the objection titled "Appeal of Order, Due to Fraud in the Incomprehensible Order Dated:  07/18/14" (ECF No. 4) that Plaintiff, David Lee Collins, filed on July 25, 2014, and which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled.  It is

FURTHER ORDERED that Mr. Collins continues to have **thirty (30) days from the date of the order of July 18, 2014**, in which to cure the designated deficiencies and file an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that failure to comply with the directives in the July 18 order within the time allowed will result in the dismissal of the instant action.

DATED at Denver, Colorado, this   30th   day of     July        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court